ISLAND NEEDLEWORK, INC., Petitioner, v. TAX COURT OF PUERTO RICO, Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 64. Argued December 17, 1945.—Decided February 20, 1946.

J. J. Ortiz Alibrán for petitioner. E. Campos del Toro, Attorney General, and J. B. Fernández Badillo, Attorney of the Division of Tax Cases of the Department of Justice, for intervener, Treasurer of Puerto Rico, respondent in the main proceeding.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The Treasurer of Puerto Rico has moved for a dismissal of the proceeding herein. His motion is based on the ground that, as the proceeding was instituted after the expiration of 30 days, counted from the service of notice of the decision sought to be reviewed, this court lacks jurisdiction to take cognizance of the case.

Notice of said decision, which was rendered on June 26, 1945, was served on the petitioning corporation and a copy thereof filed with the record, on June 28, 1945.

The computation of the tax to be paid by the petitioner having been filed, and the petitioner not having raised any objection to said computation, the Secretary of the Tax Court of Puerto Rico, on September 5, 1945, notified the taxpayer of the finality of the decision rendered by that tribunal on June 26, 1945. The notice was served in accordance with the provisions of Rule No. 29 of the Rules of Practice of said tribunal. On September 28 the petitioner paid under protest the balance of the tax amounting to $795, plus $125.21 on account of surcharges up to the date of payment. On October 4, 1945, the petitioner instituted the present proceeding.

In support of his motion for dismissal, the Treasurer alleges that the time to apply to this court for a review of a decision of the Tax Court which does not order the Treasurer to make a new computation of the tax, is thirty (30) days after notice of the decision is served on the taxpayer; that in the decision involved in the present proceeding, the Treasurer was not ordered to make a new computation of the amount which the taxpayer should pay to the Insular Treasury; and that, as it was not necessary for the Treasurer to file a new computation, the one originally made by that officer automatically continued in force. The Treasurer concluded by citing our decision in *Standard Oil Co.* v. *Tax Court,* 64 P.R.R. 641, where we said:

"Whenever a decision of that court, determining the existence of a deficiency, does not order the Treasurer to make a new computation of the amount which the taxpayer should pay to the Insular Treasury, and the taxpayer feels aggrieved by said decision and wishes to apply to the Supreme Court for a review thereof, he must file his petition for certiorari within 30 days after notice of the decision is served on him, in accordance with § 5 of Act No. 169 of May 15, 1943, and after the decision is recorded in accordance with Rule 43; . . . ."

It is true that in the decision now under discussion the Treasurer was not ordered to make a new computation. But it is no less true that the making of a new computation was absolutely necessary in order that the taxpayer might know the exact amount which, according to the law, it must pay under protest before it could institute a proceeding for review in this court.

The facts set forth in the petition and not controverted by the Treasurer clearly show the necessity for the making of a new computation after the decision of the Tax Court had been rendered. The tax originally imposed by the Treasurer amounted to $980.24, on an assessment of $36,990. The taxpayer paid the part of the tax with which it agreed—$185.24—and on March 23, 1943, it filed its complaint challenging the balance of $795.

When the Tax Court on June 26, 1945, or two years and three months after the filing of the complaint, rendered its decision affirming the imposition of the tax and dismissing the complaint, the petitioning taxpayer was entitled to be advised, and the Treasurer was bound to advise it, as to the exact amount—including the amount of the tax, interest thereon, surcharges, and penalties—which it must pay in order to settle its debt to the Insular Treasury or to apply for a review by this court. A clear proof of the necessity for a new computation is the fact that the Treasurer actually made it and opportunely served notice thereof on the taxpayer.

The facts of the case under consideration convince us that the ruling which we have already quoted from our decision in *Standard Oil Co.* v. *Tax Court* is erroneous.

Rule No. 29 of the Rules of Proceedings of the Tax Court of Puerto Rico, approved on August 22 to take effect on August 14, 1943, provides as follows:

"29. Within five (5) days after being served with notice of the decision rendered by the Court in each case, the Treasurer of Puerto

Rico shall proceed to compute and determine the tax to be paid by the taxpayer in accordance with the terms of said decision, by filing forthwith in the office of the clerk of the court the original of such computation, and certifying that a true and faithful copy thereof has been served on the taxpayer, and the secretary shall proceed to file the same with the record of the case; but the Treasurer shall not collect the amount of the tax thus computed and determined during the first ten (10) days following such filing. During such period, any objection to the computation or determination made by the Treasurer may be submitted by the taxpayer to the court, in which case the court shall decide the objection after hearing the parties and only then shall its decision become final. In case no objection is raised within the aforesaid period of ten (10) days after the filing of said computation or determination, the Secretary shall notify the parties of the finality of the decision; but in no case shall the latter be executed until it has become definitive (*firme*)."

In the instant case, although the Tax Court did not order the Treasurer to make a new computation, that officer, in accordance with the provisions of Rule 29, *supra,* made said computation and served notice thereof on the taxpayer. The latter allowed the 10-day period granted to it it by said rule to expire without objecting to the computation. After being notified by the Secretary of the Court, on September 5, 1945, of the finality of the computation, the taxpayer filed its petition for certiorari on October 4, 1945, when the 30-day period for resorting to this court had not yet expired.

The most effective way to secure compliance with the law and the rules adopted by the Tax Court and to afford protection for the taxpayers and a more orderly procedure, would be to expressly provide in every decision rendered by the Tax Court wholly or partially adverse to a taxpayer, that the Treasurer should make a new computation of the tax which must be paid by the taxpayer in accordance with the terms of the decision, including in said computation the interest, surcharges, and penalties authorized by law. If the decision should be wholly adverse to the Treasurer and favor-

able to the taxpayer, the making of a new computation would be unnecessary, inasmuch as the taxpayer would not be bound to pay anything.

For the reasons stated the motion for dismissal filed by the Treasurer should be denied.